UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-14331-CIV-PAINE/LYNCH

ALLEN BRASH,

    Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC.,
DAVID ROWE, AND MICHAEL MOORE, Sec'y
of the Fla. Dep't of Corrections,

    Defendants.
_____/



FILED by ___ D.C.

MAR - 4 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

## REPORT AND RECOMMENDATION ON DEFENDANT MOORE'S MOTION TO DISMISS VERIFIED COMPLAINT (DE 20) AND DEFENDANTS WEXFORD HEALTH SOURCES, INC.'S AND DAVID ROWE'S MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT (DE 24)

**THIS CAUSE** comes before this Court upon an Order of Reference from the Honorable James C. Paine for appropriate resolution. Having reviewed the Motions, the Plaintiff's Memorandum in Opposition, the Defendants' Reply, and the pertinent portions of the record, this Court recommends as follows:

BACKGROUND

1.    The Plaintiff alleges the following facts in his Complaint. The Plaintiff has been in the custody of the Florida Department of Corrections since 1987. He currently suffers from Hepatitis C and is in the second stage of cirrhosis of the liver. If Hepatitis C is left untreated, it may lead to death from

either further cirrhosis of the liver or cancer of the liver.

2. The Plaintiff was housed at the Union Correctional Institution and received medical care from Dr. Shah, a gastroenterologist specialist employed by the Department of Corrections. Dr. Shah placed the Plaintiff on an eleven month treatment of Interferon. At the end of the treatment period, in August 2001, Dr. Shah examined the Plaintiff, finding that although he had responded favorably to it, the medication did not completely eliminate the virus. Dr. Shah charted the Plaintiff to have a liver profile in six months, and the Plaintiff presumes that his treatment regimen was to be restarted then. In October 10, 2001, Dr. Shah charted that the Plaintiff be scheduled to see a gastroenterologist by December of that year.

3. Before he was able to see a gastroenterologist, the Plaintiff was transferred to the Okeechobee Correctional Institution where he is currently housed. There he came under the medical care of Defendant Wexford Health Sources, Inc., and its prison doctor, Dr. Bhadja. Dr. Bhadja also recommended that the Plaintiff see a gastroenterologist but the recommendation was denied by Defendant Dr. David Rowe on January 28, 2002. Dr. Rowe is Vice President and Chief Medical Director for Wexford Health Sources, Inc, at its Pittsburgh head office, and as such, he makes determinations regarding the provision of medical care. Soon thereafter, on January 30, 2002, another Wexford prison

doctor, Dr. Diaz, charted that the Plaintiff "is a treatment failure. He should not be treated again. Follow up yearly for Hep C." In April 2002, Dr. Robert Smith, Wexford's regional medical director, wrote a memorandum concurring with Dr. Diaz's assessment that the Plaintiff is a treatment failure in light of his relapse.

4. However, in June 2002, Dr. Robert Smith changed his opinion and recommended that the Plaintiff be restarted on pegylated interferon with ribavirin, for which Dr. Bhadja charted him for such treatment. Six days later on June 18, 2002, Dr. Rowe rejected this recommended course of treatment, instructing that the medication be held until further order. The Plaintiff has not been examined by a gastroenterologist since being under the care of Dr. Shah at the Union Correctional Institution.

5. In August 2001 the FDA approved the combination of peginterferon and ribavirin for patients with chronic HCV infection. The Plaintiff alleges that unless he receives immediate treatment with this new, more aggressive therapy, his Hepatitis will cause complications that will eventually lead to his premature death.

6. The Plaintiff has used the established inmate grievance process to request treatment but without success, and his attorneys and sister have also written letters to the Defendants. The Plaintiff alleges that the Defendants have denied this

treatment for non-medical reasons, namely to save money.

## DISCUSSION

As stated in the Plaintiff's response, "on a Rule 12(b)(6), Fed. R. Civ. P., motion to dismiss, the court must accept the well-pleaded facts as true and resolve all inferences in the light most favorable to the plaintiff. Ancata v. Prison Health Services, 769 F.2d 700, 702 (11th Cir. 1986). Ancata is a particularly appropriate starting point for an analysis of defendants' motions. Like here, Ancata involved a complaint alleging deliberate indifference to a prisoner's serious medical needs. This Court dismissed the complaint, the 11th Circuit reversed stating that a motion to dismiss should not be granted unless it appears to a certainty, 'that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Ancata, 769 F.2d at 702, citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). Moreover, the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is 'exceedingly low.' Ancata, 769 F.2d at 703, citing Quality Foods de Centro America, S.A. v. Latin American Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)." A trial court is confined to apply the foregoing rules to the four corners of the Complaint and any attachments thereto. See Future Tech Intern., Inc. v. Tae II Media, Ltd., 944 F.Supp. 1538, 1561 (S.D. Fla. 1996).

This Court turns first to the Motion to Dismiss filed by Defendant, Michael Moore, and his argument that he is not responsible for the delivery of health service to Florida's prisoners. Defendant Moore concedes that as the Secretary of the Department of Corrections his duties include the planning, coordinating, and managing of the state's corrections system. Section 20.315(3), Fla. Stat., goes on to say that the Secretary "shall ensure that the programs and services of the department are administered in accordance with state and federal laws . . . ." However, the Defendant argues that pursuant to § 20.315(3)(d), Fla. Stat., the Assistant Secretary of Health Services is responsible for all aspects of prison health care.

Section 20.315, Fla. Stat. does require the Secretary to appoint Assistants to serve in various supportive and administrative roles. Such positions cover security, administration, education and job training, etc. Following through on the Defendant's reasoning, he would not be responsible for any of these areas of corrections operations either. This Court disagrees with the Defendant's contention and does not read the statute as removing ultimate responsibility of prison matters, including health care, from him.

The Plaintiff alleges a violation of his Eighth Amendment rights because of the Defendants' refusal to provide him with adequate medical care. "It is well settled that the 'deliberate

indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999)(citing Estelle v. Gamble, 429 U.S. 97 (1976)). Under the relevant Supreme Court holdings, "deliberate indifference" occurs when prison officials have subjective knowledge of a risk of serious harm but disregard that risk through conduct amounting to more than negligence or malpractice. See id. at 1255. Thus, an official can show deliberate indifference when he knows that an inmate is in serious need of medical care but fails or refuses to render medical care or renders grossly inadequate care. See id. See also, Washington v. Dugger, 860 F.2d 1018 (11th Cir. 1989).

The Defendants do not contest that the Plaintiff's Hepatitis C is serious and that they are aware of his condition and his requests for treatment. It is also clear that the Plaintiff is not alleging deficient medical care in the form of misdiagnosis or other negligence. Accordingly, this Court focuses on the Defendants' most relevant argument in support of dismissal – that a mere difference of medical opinion as to the propriety of a certain course of treatment does not state a cause of action for cruel and unusual punishment. In support thereof, the Defendants cite to the cases of Ledoux v. Davies, 961 F.2d 1536 (10th Cir. 1992)(inmate's belief that he needed additional medication other

than that prescribed by the treating physician was insufficient to establish a constitutional violation), Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1990)(difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation), and Burns v. Head Jailor of LaSalle County Jail, 576 F.Supp. 618 (N.D. Ill., E.D. 1984)(exercise of prison doctor's professional judgment to discontinue prescription for certain drugs not actionable).

However, the Plaintiff is alleging no disagreement between himself and his treating doctors. Compare Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985)(despite prisoner's desire for different treatments, medical staff did treat all of prisoner's various complaints appropriately). Indeed all of his treating physicians, save Dr. Diaz, have specifically requested that he be examined by a specialist and/or be placed on the FDA's new treatment for chronic Hepatitis C. It is alleged that the disagreement as to the appropriate course of treatment exists between his treating doctors and Wexford's administrator. It is also apparent that the Defendants did not explain the reason for denying the recommended treatment, leaving the Plaintiff to believe it was a matter of monetary cost[1] and precipitating the

---

[1] Cost should play no role in providing prisoners with the constitutionally required minimum level of medical care. See Hamm, 774 F.2d at 1573. Rather, the guidepost should be the medical provider's professional judgment. See Estelle, 429 U.S. at 105 (holding that deliberate indifference could be manifested

filing of this lawsuit. Thus, the Plaintiff alleges a situation of a simple refusal to provided care for a known medical need. This is sufficient to state a prima facie case of an Eighth Amendment violation. See Ancata, 769 F.2d at 703.

The Defendants cite to the case of Bartlett v. Correctional Medical Services, Inc., 1997 WL 572834 (10th Cir. 1997) as analogous to the instant case, but this Court disagrees that it supports a dismissal. Inmate Bartlett sued prison officials for refusing to treat him with Interferon Alpha, a drug different than what the Plaintiff is currently seeking. The court construed the inmate's complaint as a "quarrel between [him] and multiple doctors regarding the appropriate handling of his medical condition," and citing in part to Ramos v. Lamm, found no claim of deliberate indifference. See id. at *2. The court's order is unclear as to the precise nature of the dispute. It could be that the instant case is distinguishable because here the dispute runs primarily between the Plaintiff's doctors and the health care administrator (and not between him and his doctors).

Based on the facts as alleged in the Complaint, this Court finds that the Plaintiff states a prima facie Eighth Amendment claim. That is, the Plaintiff has a serious medical condition, several doctors have recommended the latest Interferon treatment,

---

by prison officials intentionally interfering with prescribed treatment).

but the prison's health care administrator has refused such treatment without explanation but presumably because of its cost. In analyzing the Complaint's sufficiency, this Court does not consider the declarations accompanying the various filings relating to the Plaintiff's Motion for Preliminary Injunction, as consideration of such evidence is more properly the subject of summary judgment proceedings or trial.

## CONCLUSION

**ACCORDINGLY,** this Court recommends to the District Court that the Defendants' Motions to Dismiss be **DENIED.**

The parties shall have **ten (10) days** from the date of this Report and Recommendation within which to file objections, if any, with the Honorable James C. Paine, United States District Court assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 4th day of March, 2003.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc: Hon. James C. Paine
    Randall C. Berg, Jr., Esq.
    Mitchel Chusid, Esq.
    Valerie J. Martin, AAG