UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-14331-CIV-PAINE/LYNCH

ALLEN BRASH,

    Plaintiff,

vs.

WEXFORD HEALTH SOURCES, INC.,
A Florida corporation, DAVID ROWE, and
MICHAEL MOORE, in his official
capacity as Secretary of the Florida Department
of Corrections,

    Defendants.
_____/



FILED by SR D.C.

APR 28 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER ADOPTING THE REPORT AND RECOMMENDATION ON DEFENDANT MOORE'S MOTION TO DISMISS VERIFIED COMPLAINT AND DEFENDANTS WEXFORD HEALTH SOURCES, INC.'S AND DAVID ROWE'S MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT

This matter is before the court upon the Report and Recommendation (DE# 47) on Defendant Moore's Motion to Dismiss Verified Complaint (DE# 20) and Defendants Wexford Health Sources, Inc.'s and David Rowe's Motion to Dismiss Plaintiff's Verified Complaint (DE# 24). The Report and Recommendation was issued on March 4, 2003 (D.E. 47). Upon careful scrutiny of the submissions, including a _de novo_ review of the portions of the report and recommendation to which the Defendants Wexford Health Sources, Inc., and David Rowe, object, the Court agrees with Magistrate Judge Lynch Jr.'s conclusions.

## BACKGROUND[1]

1.     The Plaintiff alleges the following facts in his Complaint. The Plaintiff has been in the custody of the Florida department of Corrections since 1987. He currently suffers from Hepatitis C and is in the second stage of cirrhosis of the liver. If Hepatitis C is left untreated, it may lead to death from either further cirrhosis of the liver or cancer of the liver.

2.     The Plaintiff was housed at the Union Correctional Institution and received medical care from Dr. Shah, a gastroenterologist specialist employed by the Department of Corrections ("DOC"). Dr. Shah placed the Plaintiff on an eleven month treatment of Interferon. At the end of the treatment period, in August 2001, Dr. Shah examined the Plaintiff, finding that although he had responded favorably to it, the medication did not completely eliminate the virus. Dr. Shah charted the Plaintiff to have a liver profile in six months, and the Plaintiff presumes that his treatment regimen was to be restarted then. In October 10, 2001, Dr. Shah charted that the Plaintiff be scheduled to see a gastroenterologist by December of that year.

3.     Before he was able to see a gastroenterologist, the Plaintiff was transferred to the Okeechobee Correctional Institution where he is currently housed. There he came under the medical care of the Defendant Wexford Health Sources, Inc., and its prison doctor, Dr. Bhadja. Dr. Bhadja also recommended that the Plaintiff see a gastroenterologist but the recommendation was denied by Defendant Dr. David Rowe on January 28, 2002. Dr. Rowe is Vice President and Chief Medical Director for Wexford Health sources, Inc, at its Pittsburgh head office, and as such, he makes determinations regarding the provision of medical care. Soon thereafter, on January 30, 2002,

---

[1] The Court notes there were no objections to the background facts cited in the Report and Recommendation (DE# 47), and therefore adopts them in their entirety.

2

another Wexford prison doctor, Dr. Diaz, charted that the Plaintiff "is a treatment failure. He should not be treated again. Follow up yearly for Hep C." In April 2002, Dr. Robert Smith, Wexford's regional medical director, wrote a memorandum concurring with Dr. Diaz's assessment that the Plaintiff is a treatment failure in light of his relapse.

4.  However, in June 2002, Dr. Robert Smith changed his opinion and recommended that the Plaintiff be restarted on pegylated interferon with ribavirin, for which Dr. Bhadja charted him for such treatment. Six days later on June 18, 2002, Dr. Rowe rejected this recommended course of treatment, instruction that the medication be held until further order. The Plaintiff has not been examined by a gastroenterologist since being under the care of Dr. Shah at the Union Correctional Institution.

5.  In August 2001 the FDA approved the combination of peginterferon and ribabirin for patients with chronic HCV infection. The Plaintiff alleges that unless he receives immediate treatment with this new, more aggressive therapy, his Hepatitis will cause complications that will eventually lead to his premature death.

6.  The Plaintiff has used the established inmate grievance process to request treatment but without success, and his attorneys and sister have also written letters to the Defendants. The Plaintiff alleges that the Defendants have denied this treatment for non-medical reasons, namely to save money.

## DISCUSSION

The Report and Recommendation recommends this court deny the Motions to Dismiss (DE# 20 and DE# 24). The Report and Recommendation finds that based on the facts as alleged in the Complaint, the Plaintiff states a prima facie Eighth Amendment claim. That is, the Plaintiff has a

serious medical condition, several doctors have recommended the latest Interferon treatment, but the prison's health care administrator has refused such treatment without explanation but presumably because of its cost. The Defendants, Wexford Health Sources, Inc., and David Rowe, object to the Magistrate Judge's recommendation because they are of the opinion that the Plaintiff's claims should be dismissed as they amount to no more than a difference of medical opinion. In support of their argument the Defendants provide that:

> [T]his is a dispute between more than Plaintiff's treating physicians and the health care administrator. Plaintiff acknowledges in his Verified Complaint that Dr. Diaz, who was a treating physician, found tht Plaintiff was not a candidate to be re-treated. While the facts may be distinguishable from *Barlett*[2], the end result is still the same. There exists a difference of medical opinion that precludes Plaintiff's claim to rise to the level of a constitutional violation of the Eight Amendment for deliberate indifference to Plaintiff's serious medical needs. (DE# 50).

The Court is not persuaded by the Defendants' argument. The Court agrees with the Honorable Frank J. Lynch Jr.'s well reasoned conclusion. The Plaintiff does not allege a disagreement between he and his treating doctors, but alleges a disagreement between his treating doctors and Wexford's administrator. As stated in the Report and Recommendation:

> Indeed all of his treating physicians, save Dr. Diaz, have specifically requested that he be examined by a specialist and/or be placed on the FDA's new treatment for Hepatitis C.

Therefore, it is not as the Defendants allege, a mere difference of medical opinion. The Court finds that the Complaint sufficiently states a claim. Accordingly, it is

ORDERED AND ADJUDGED that United States Magistrate Judge Frank J. Lynch, Jr.'s

---

[2] Barlett v. Correctional Medical Services, Inc., 1997 WL 572834 (10th Cir. 1997) is a case cited to by the Defendants' in their motion to dismiss. The Honorable Frank J. Lynch, Jr., distinguished said case to the case at bar stating that, "[t]his is not a quarrel between plaintiff and multiple doctors regarding his treatment. In fact, all his treating physicians have recommended that he receive the very treatment and medication he seeks herein." (DE# 47).

4

Report and Recommendation (DE# 47) is Affirmed and Adopted and made the order of this Court. Accordingly, it is

ORDERED AND ADJUDGED that Defendant Moore's Motion to Dismiss Verified Complaint (DE# 20) and Defendants Wexford Health Sources, Inc.'s and David Rowe's Motion to Dismiss Plaintiff's Verified Complaint (DE# 24) are DENIED.

DONE AND ORDERED at West Palm Beach, Florida, this 25th day of April, 2003.

*James L. Paine*
UNITED STATES DISTRICT JUDGE

Copies furnished to:

    Honorable Frank J. Lynch, Jr.
    Patrick Patrissi, Esq.
    Valerie Martin, AAG
    Randall C. Berg, Jr., Esq.