UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-14331-CIV-PAINE/LYNCH

ALLEN BRASH,

    Plaintiff,

vs.

WEXFORD HEALTH SOURCES, INC.,
A Florida corporation, DAVID ROWE, and
MICHAEL MOORE, in his official
capacity as Secretary of the Florida Department
of Corrections,

    Defendants.
_____/



## ORDER

THIS CAUSE comes before the Court upon the March 4, 2003, Report and Recommendation of the Honorable Frank J. Lynch Jr., United States Magistrate Judge, recommending that the Plaintiff's Motion for Preliminary Injunction be denied. (D.E. 46). The Plaintiff filed Objections on March 14, 2003, (D.E. 49), the Defendants filed a Response to the Plaintiff's Objections on March 24, 2003 (D.E 52), and March 25 2003 (D.E. 53), and the Plaintiff replied on April 2, 2003 (D.E. 54).

Having made a <u>de novo</u> review of the Magistrate Judge's Report and Recommendation, this Court concludes that it should be reversed as explained below. 28 U.S.C. §636(b)(1), <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980), <u>Jeffrey S. v. State Bd. of Educ.</u>, 896 F.2d 507, 512-13 (11th Cir. 1990).

In the Report and Recommendation, the Honorable Frank J. Lycnh Jr. found[1]:

1.	The Plaintiff has been in the custody of the Florida Department of Corrections ("DOC") since 1987. He currently suffers from Hepatitis C and is in the second stage of cirrhosis of the liver[2]. If Hepatitis C is left untreated, it may lead to death from either further cirrhosis of the liver or cancer of the liver.

2.	The Plaintiff was housed at the Union Correctional Institution and received medical care from Dr. Shah, a gastroenterologist specialist employed by the DOC. Dr. Shah placed the Plaintiff on an eleven month treatment of Interferon. At the end the treatment period, in August 2001, Dr. Shah examined the Plaintiff, finding that although he had responded favorably, the medication did not completely eliminate the virus. Dr. Shah charted the Plaintiff to have a liver profile in six months, and the Plaintiff presumes that his treatment regimen was to be restarted then. In October 10, 2001, Dr. Shah charted that the Plaintiff be scheduled to see a gastroenterologist by December of that year.

3.	Before he was able to see a gastroenterologist, the Plaintiff was transferred to the Okeechobee Correctional Institution where he is currently housed. There he came under the medical care of the Defendant Wexford Health Sources, Inc., and its prison doctor, Dr. Bhadja. Dr. Bhadja also recommended that the Plaintiff see a gastroenterologist but the recommendation was denied by the Defendant Dr. David Rowe on January 28, 2002. Dr. Rowe is the Vice President and Chief

---

[1] Neither the Plaintiff nor the Defendants objected to the statement of facts issued in the Report and Recommendation.

[2] Specifically, Dr. Robert Smith, Regional Director of Wexford Health Source, states that the Plaintiff was diagnosed with Chronic Hepatitis C, Grade II (Mild Periportal Inflammation) and Stage III (Early Septal Fibrosis).

Medical Director for Wexford Health Sources, Inc., at its Pittsburgh head office, and as such, he makes determinations regarding the provision of medical care. Soon thereafter, on January 30, 2002, another Wexford prison doctor, Dr. Diaz, charted that the Plaintiff "is a treatment failure. He should not be treated again. Follow up yearly for Hep C." In April 2002, Dr. Robert Smith, Wexford's regional medical director, wrote a memorandum concurring with Dr. Diaz's assessment that the Plaintiff is a treatment failure in light of his relapse.

4. However, in June 2002, Dr. Robert Smith changed his opinion and recommended that the Plaintiff be restarted on pegylated interferon with ribavirin, for which Dr. Bhadja charted him for such treatment. Six days later on June 18, 2002, Dr. Rowe rejected this recommended course of treatment, instructing that the medication be held until further order. The Plaintiff has not been examined by a gastroenterologist since being under the care of Dr. Shah at the Union Correctional Institution.

5. In his Declaration in support of the Plaintiff's Motion, Dr. Bennet Cecil, a Hepatitis specialist, explained this new treatment as such:

> "in August 2001 the FDA approved the combination of Peginterferon and the nucleoside analogue Ribavirin for patients with chronic HCV infection. This combination of Peginterferon plus Rebetol permits a sustained virologic response of approximately 40% in genotype 1 with higher rates in genotypes 2 and 3. Mr. Brash is a genotype 1. The FDA approved Pegasys for treatment of HCV cirrhosis on October 16, 2002... Ribavirin should be added in January when the FDA approves it ... Since the approval of pegylated interferon, they have become the standard of care for treatment of HCV. Pegylated interferon are superior to ordinary interferons."

6. The Plaintiff has used the established inmate grievance process to request treatment but without success, and his attorneys and sister have also written letters to the Defendants. The

Plaintiff alleges that the Defendants have denied this treatment for non-medical reasons, namely to save money.

In the Report and Recommendation, the Honorable Frank J. Lynch Jr., found that the Plaintiff had not made the requisite showing to support the issuance of a preliminary injunction. He further stated that, "while this court is cognizant of the Plaintiff's medical condition, this Court finds no immediate urgency that cannot wait further deliberation." (D.E. 46). In his objection, the Plaintiff argues several errors were made below, and that the Plaintiff did make the requisite showing in support of the issuance of a preliminary injunction. This Court is persuaded by the Plaintiff's arguments.

This Court finds that the Plaintiff has established a substantial likelihood of success on the merits. The Eleventh Circuit has held that [i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999). An official acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care, but fails or refuses to obtain medical treatment for the inmate. Id. at 1255. The Defendants in the case at bar know the Plaintiff has Hepatitis C, and Cirrhosis of the liver, yet they have not provided any medical treatment or care for the Plaintiff in regard to his Hepatitis or Cirrhosis. Furthermore, all of the Plaintiff's treating physicians, save Dr. Diaz, have specifically requested that he be examined by a specialist and/or be placed on the FDA's new treatment for Hepatitis C.

This Court also finds that the Plaintiff has established a substantial threat of irreparable injury if relief is not granted. The Plaintiff has already been diagnosed with cirrhosis of the liver.

4

The Court notes that the Defendants do not dispute that the Hepatitis is currently causing the cirrhosis (if not to the degree of death) or that the damage caused by the cirrhosis is permanent.

Upon due consideration of said motion, the opposition thereto, and the record, the Court finds that the Plaintiff has a cause of action for a violation of his Eight Amendment right to medical care, and has met the four requirements[3] for the issuance of a preliminary injunction; namely:

(1) substantial likelihood of success on the merits;

(2) substantial threat of irreparable injury if relief is not granted;

(3) the threatened injury to the movant outweighs the harm the injunction would do to the defendant; and

(4) the granting of the injunction is in the public interest.

Therefore, it is hereby

ORDERED AND ADJUDGED as follows:

(1) The Magistrate Judge's Report and Recommendation of March 4, 2003, is REVERSED. The Plaintiff's motion for a preliminary injunction is GRANTED.

(2) Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Defendants shall:

(a) immediately send the Plaintiff to a Gastroenterologist;

(b) should said Gastroenterologist find that future medical treatment for the Plaintiff's Hepatitis C and cirrhosis of the liver is required, such treatment shall immediately be

---

[3]Neither Defendants address the issues, or point to any harm that would result if the injunction were to be granted or harm to the public interest.

made available to the Plaintiff.

DONE AND ORDERED at West Palm Beach, Florida, this 28th day of April, 2003.

_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:
    Honorable Frank J. Lynch, Jr.
    Patrick Patrissi, Esq.
    Valerie Martin, AAG
    Randall C. Berg, Jr., Esq.